MORSE *v.* WHITCHER.

A mortgagor is entitled to an injunction to restrain the mortgagee from unreasonably depositing sawdust from his mill upon the mortgaged premises, by throwing it into the stream on which his mill stands, on his own land, whereby it is floated down upon the premises below.

BILL IN EQUITY, for an injunction to restrain the defendant from casting sawdust into the stream, whereby it is floated down and lodged upon the plaintiff's land below, etc. The defendant has a mortgage of the premises claimed to be damaged by the sawdust; and a referee, after holding that the plaintiff has a plain and adequate remedy at law, found that unless the defendant, by virtue of his mortgage, has the right to cast his sawdust and waste material into the stream, and to use and occupy the premises by his building and tramway, and pile his slabs thereon, the plaintiff should receive $15 damages therefor.

*Page & Shurtleff,* for the plaintiff.

*Bingham, Mitchell & Batchellor* and *Aldrich & Remich,* for the defendant.

ALLEN, J. The plaintiff seeks, by bill in equity, to enjoin the defendant from dropping sawdust from his mill into the brook and through that casting it upon her land, and from occupying her land with a building and lumber, and for a decree for damages. A referee has found that the defendant, against the plaintiff's consent, has occupied and continues to occupy a small portion of her land with a building used in connection with his saw-mill upon his own land, and also for the purpose of piling lumber there, and has

found the damages she has suffered by the unreasonable deposition of sawdust upon her land from the plaintiff's mill.

The defendant has an unsatisfied mortgage against the plaintiff's land. Having the right of entry and possession against the plaintiff under his mortgage, no injunction can be granted against the mere entry upon the land by the defendant and his occupation of it with a building and lumber. But the mortgagee's right of entry under his mortgage is limited to the case of protecting and availing himself of his mortgage security. Although he may not be liable in an action of trespass for an unlicensed entry upon the land (*Chellis* v. *Stearns*, 22 N. H. 312), he cannot justify a needless waste or destruction of the property; and for the mortgagee's acts, resulting in a devastation, destruction, or permanent injury, the mortgagor or tenant in possession has a remedy. *Morse, Adm'r,* v. *Whitcher, post* 591.

The plaintiff has established the fact of injury to her land by the defendant's unreasonably depositing sawdust there by means of his saw-mill operated on his own land and not for any purpose of protecting his mortgage security. For this injury she is entitled to damages. It is not always that an injunction will be granted in case of a nuisance, although the plaintiff's right has been established. *Wason* v. *Sanborn*, 45 N. H. 169. But when, as in this case, the acts of the defendant, if continued, will permanently lay waste the plaintiff's land and destroy it for any useful purpose, and a remedy at law can be had only by repeated suits for damages with continuous and mischievous litigation, the defendant will be restrained by injunction. Against the unreasonable deposition of sawdust upon her land from the defendant's mill the plaintiff is entitled to an injunction, with a decree for the damages found.

*Decree for plaintiff.*

BLODGETT and CARPENTER, JJ., did not sit: the others concurred.